## *RE* LICENSES.

#### OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE LEGISLATURE.

A law which vests in same designated person or body the absolute discretionary authority to grant or refuse a license to pursue a trade, business or occupation lawful in itself, the object of the license being for revenue only, would be contrary to Articles I. and XIV. of the Constitution.

Such a power cannot be delegated.

DEPARTMENT OF THE JUDICIARY,

HONOLULU, H. I., July 26, 1888.

*To the Honorable the Legislature of the Hawaiian Kingdom :*

On the seventeenth day of July the Honorable Legislature adopted a resolution, which was transmitted the same day to the Justices of the Supreme Court, requesting their opinion upon the following questions :

First. Has the Legislature power under the Constitution to enact a law making it unlawful for any person to carry on any trade, business or occupation without a license, and giving some designated person or body absolute discretionary authority to grant, or refuse to grant, such license ?

Second. Can the granting or refusal to grant such licenses be based upon the recommendation of a specified number or proportion of the legal voters of any district ?

In considering whether the questions submitted to us are such as are contemplated by Article 70 of the Constitution, which authorizes " The King, his Cabinet and Legislature to require the opinions of the Justices of the Supreme Court upon important questions of law and upon solemn occasions," we desire to adopt the language of the Justices of the Supreme Court of the State of Massachusetts, in which State a similar constitutional provision exists. In an opinion found in the Supplement to Vol.

126, Massachusetts Reports, page 567, the Justices say: "The opinions of the Justices can be required only 'upon important questions of law,' not upon questions of fact, and 'upon solemn occasions,' that is to say, when such questions of law are necessary to be determined by the body making the inquiry, in the exercise of the legislative or executive power entrusted to it by the Constitution and laws of the commonwealth. No other limit of the authority to require the opinions of the Justices is expressed in the Constitution. In giving such opinions the Justices do not act as a Court, but as the constitutional law advisers of the other departments of the Government."

Deeming the question presented by the Honorable Legislature to be one of law, necessary to be determined by it in the exercise of the legislative power entrusted to it, we proceed to consider it.

It is admitted by all jurists that Government may, in the discretion of its Legislature, levy a tax for public purposes upon every species of property within its jurisdiction, or select any particular species of property for taxation, and may likewise tax occupations. Cooley on Taxation, page 384.

But this author says, on page 396: "There are some cases in which levies are made and collected under the general designation of taxes, or under some name employed in the revenue laws to indicate the particular class of taxes, where the imposition of the burden may be fairly referred to some other authority than to that branch of the sovereign power of the State under which the public revenues are apportioned and collected. The reason is, that the imposition has not for its object the raising of revenue, but looks rather to the regulation of relative rights, privileges and duties as between individuals, to the conservation of order in the political society, to the encouragement of industry and the discouragement of pernicious employments. Legislation for these purposes it would seem proper to look upon as being made in the exercise of that authority, which is inherent in every sovereignty, to make all such rules and regulations as are needful to secure and preserve the public order

and to protect each individual in the enjoyment of his own rights and privileges by requiring the observance of rules of order, fairness and good neighborhood by all around him. This manifestation of the sovereign authority is usually spoken of as the Police Power."

The same author says, on page 407 : " A license is a privilege granted by the State, usually on the payment of a valuable consideration, though this is not essential. To constitute a privilege the grant must confer authority to do something which, without the grant, would be illegal : for, if what is to be done under the license is open to everyone without it, the grant would be merely idle and nugatory, conferring no privilege whatever. But the thing done may be something lawful in itself, and prohibited for the purposes of the license ; that is to say, prohibited in order to compel the taking out of a license."

It is apparent from this discussion that there is a distinction between licenses for "revenue" and those for "regulation." As Judge Cooley says in his Constitutional Limitations, page 586 : " Licenses are of two kinds : those which require the payment of a license fee by way of raising a revenue, and are, therefore, the exercise of the power of taxation, and those which are mere police reglations."

We are of opinion that when the license is placed upon the " trade, business or occupation" simply for revenue, and when the law makes unlawful the exercise of this particular trade, business or occupation, lawful in itself, in order to compel the taking out of a license, it is not in the power of the Legislature to vest the absolute discretionary authority to grant or to refuse to grant such license in any designated person or body. In other words, a license purely of this character must be granted to all who apply for it, if the applicant tenders the fee. A law which should give the discretionary power to refuse such a license to such applicant would be plainly in violation of Article I. of the Constitution, which reads : " God hath endowed all men with certain inalienable rights, among which are life, liberty and the right of acquiring, possessing and protecting

property, and of pursuing and obtaining safety and happiness;" and of Article XIV. as well, which reads: "Each member of society has a right to be protected in the enjoyment of his life, liberty and property, according to law, and therefore he shall be obliged to contribute his proportional share to the expense of this protection, and to give his personal services or an equivalent when necessary. Private property may be taken for public use, but only upon due process of law and just compensation."

When, however, the license is for regulation, the particular trade, business or occupation being of such a nature that the police power of the State may be invoked in justifying the refusing the license under certain defined circumstances, the Legislature may make the granting of such licenses discretionary. But such discretionary power should be limited to the conservation of the interests of the community, by regulating the particular business, and not for the purpose merely of depriving any particular class or race of persons of the right of engaging in the business.

A reference to our license laws will make it apparent that Hawaiian Legislatures have recognized this distinction. For example, on page 15 of the Compiled Laws, under the head of Licenses to Vendors of Goods, Wares and Merchandise, it is enacted that "The Minister of the Interior shall grant to any person applying therefor in writing a license to sell goods, wares, etc., at wholesale." The granting or refusing to grant such a license is not discretionary with the Minister. The right of the applicant to a license, on payment of the fee, is absolute.

On the other hand, on page 18 of the Compiled Laws, there is a law that "The Minister of the Interior may at any time license for the term of one year one or more suitable persons, etc., to be public auctioneers, etc." The right of the Minister to refuse a license to a person whom he should not consider suitable has never been the subject of judicial discussion; but we apprehend the granting of the discretionary power by the Legislature might

be sustained as the exercise of the police power of the State, by which "persons and property are subjected to all kinds of restraints and burdens in order to secure the general comfort, health and prosperity of the State," since the business of a public auctioneer requires particular fidelity and honesty, dealing as he does with the property of all the public who entrust it to him. As Judge Cooley says: "When the license is for regulation merely, the limitation is one of discretion and policy, and the question presented is whether the business or occupation is one rendering special regulation important for any purpose of protection to the public, or to guard individuals against frauds and impositions." Cooley on Taxes, page 410.

Having come to the conclusion that a license for "revenue" to follow a business, trade or occupation lawful in itself, and not of such a nature as to require "regulation" under the police power of the State, may not be refused at the discretion of any person or body, it necessarily follows that the power to grant or refuse such cannot be delegated, and that the granting or refusing to grant such license cannot be based upon the recommendation of a specified number or proportion of the legal voters of any district.

If the Government itself cannot, without infringement of the Constitutional right of the person to acquire and possess property and to have same protected, refuse such license, the Legislature cannot delegate the power to grant or refuse such a license to a proportion of the voters of a district. Such a restriction on the right of acquiring and possessing property would be intolerable, and contrary to the plain provisions of the Constitution. See *Re Jacobs*, 98 N. Y., 98, and cases there cited.

For these reasons, we respectfully answer the two questions submitted by the Honorable Legislature, in the negative.

A. F. JUDD,
L. McCULLY,
EDWARD PRESTON,
RICHARD F. BICKERTON.

## Concurring Opinion of Mr. Justice Dole.

Agreeing in the main with the principles enunciated above, I offer the following additional statement of my opinion upon the questions propounded :

The State may require all occupations for profit to pay a license, and in those requiring regulation for the public benefit, it has a discretion in the granting of the privilege for carrying them on, as to the suitability of the applicant, the number of licenses to be issued, the locality in which they may be followed and other similar limitations ; and it may delegate such discretion to suitable persons. It is evident that both revenue and regulation may be the grounds for compelling certain occupations to take out a license ; and, in such cases, also a reasonable discretion in the granting of licenses clearly is in the State and its agents. But in regard to those occupations concerning which there is no occasion for the exercise of the regulating power, or the police power, as it is termed by the authorities, any discretion as to the issuance of licenses would be clearly inconsistent with the first Article of the Constitution.