REPUBLIC OF HAWAII *v.* KUM LEE.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED JULY 3, 1896.            DECIDED NOVEMBER 3, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Act 4, Laws of 1896, relating to Public Laundries, held constitutional, affirming *The King v. Tong Lee*, 4 Haw. 335.

OPINION OF THE COURT BY WHITING, J.

Appeal, on points of law, by defendant from a conviction, before the District Magistrate of Honolulu, on a charge of misdemeanor for unlawfully carrying on the business of laundry keeping and washing for hire within the limits of the city of Honolulu, the same not being carried on in a building founded for such purposes, violating Sec. 3, Act 4, Laws of 1896.

Act 4, Laws of 1896, amends Secs. 1 and 3 of an Act entitled "An Act relating to Laundries and Wash Houses," Chap. 8, Laws of 1880.

Section 1 (amended), "It shall be lawful for, and the Minister of the Interior is hereby authorized and empowered to cause to be built and erected in the District of Kona, Island of Oahu, a sufficient number of laundries and wash-houses, and to let the same to persons applying therefor at such rents, and upon such terms as the said Minister shall deem advisable.   And in like manner to designate and use for such purposes buildings already erected."

Section 3 (amended).   "From and after date of publication of this Act, every person who shall carry on the business of

laundry keeping or washing for hire, within the limits of Honolulu, except in such buildings as shall be provided for such purposes in accordance with the provisions of Section 1 of this Act, shall be liable to a fine * * * "

The only change in the Law of 1880 effected by the amendment of 1896 is in the location of the public laundries to be erected; the old laundry was on the banks of "Makaho stream" (Nuuanu river), and it has been removed from that locality to Iwilei.

˙˙ The defendant claims that this Act and the Act to which the same is an amendment are unconstitutional and void, because:

*First.*　It deprives the defendant of the right of trial by jury, in contravention of Article 6 of the Constitution.

*Second.*　It is contrary to Article 8 of the Constitution and deprives defendant of his property without due process of law.

*Third.*　The Act establishes a monopoly in the Government and should therefore be held void.

*Fourth.*　The Act may not unfairly be said to be an attempt at class legislation and should be held void as being contrary to the spirit of, though not in conflict with any provision of, the constitution.　If the terms of the Act were that no Chinese should carry on this business within the city, but that all Hawaiians might, there could be no doubt on this point.　Is it not the effect of the law?　Is it not the intention of the framers of the law?

*Fifth.*　The Act leaves it to the arbitrary discretion of the Minister of the Interior to designate the buildings to be used as laundries.

Constitution, Republic of Hawaii: Article 6, Sec. 1.　"No person shall be subject to punishment for any offense except on due and legal conviction thereof by a tribunal having jurisdiction of the case."

Sec. 3.   * * *  "The right of trial by jury, in all cases in which it has been heretofore used, shall remain inviolable except in" (certain cases of which this at bar is not one).

Constitution, Article 8.   "No person shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty or property, without due process of law."

The constitutionality of the Act relating to Laundries and Wash-houses, Chap. 8, Laws of 1880, was tested in the Supreme Court in the case of the *King v. Tong Lee*, 4 Haw. 335, and the court held that this Act of the Legislature providing for the erection of public laundries, forbidding the carrying on of the business of laundry keeping or washing for hire within a circuit of three miles from the junction of Nuuanu and King streets in Honolulu, is an exercise of the police powers of the State with regard to the comfort, welfare and safety of society, and is constitutional.

And in that case, the first, second, third and fourth points now raised by defendant were before the Court and fully argued, and by reference to the brief of this defendant and the brief for the defendant in the Tong Lee case, it will be seen that substantially the same argument was made and the same cases cited to the Court.

The third point was not touched upon by the Court in the Tong Lee case, although presented, argued and briefed, but the Court apparently considered it untenable, and we are of that opinion.

The fifth point—"The Act leaves it to the arbitrary discretion of the Minister of the Interior to designate the buildings to be used as laundries." In support of this, the case of *Yick Wo v. Hopkins*, 118 U. S. 356, is cited; which case decided that an ordinance of San Francisco, California, was unconstitutional.

The ordinance was as follows:

"It shall be unlawful from and after the passage of this order, for any person or persons, to establish, maintain or carry on a laundry within the corporate limits of the city and county of San Francisco, without having first obtained the consent of the

board of supervisors, except the same be located in a building constructed either of brick or stone."

The court there held that this ordinance violates the provisions of the Constitution of the United States, because it confers upon the municipal authorities, at their own will, and without regard to discretion in the legal sense of the term, to give or withhold consent as to persons or places without regard to the competency of the persons applying, or of the propriety of the place selected, for carrying on the business.   And also that an administration of a municipal ordinance for the carrying on of a lawful business within the corporate limits, violates the provisions of the Constitution of the United States, if it makes arbitrary and unjust discriminations, founded on differences of race, between persons otherwise in similar circumstances."

We do not consider this authority sufficient to reverse the decision of this Court in *The King v. Tong Lee (supra)* where it was held that our statute was an exercise of the police powers of the state with regard to the comfort, welfare and safety of society.

Our statute differs largely from the San Francisco ordinance, and we are of opinion that no such arbitrary power is vested in the Minister of the Interior, who is required to provide or designate the necessary buildings for laundry purposes and the Board of Health officers are required to carry out the law.   It is a health statute, and stringent health laws are a special necessity to protect the public in the City of Honolulu where there is no sewerage system.   We affirm the law as laid down in the Tong Lee case.

The defendant also claims that there has not been a legal compliance on the part of the Minister of the Interior with Section 1 of the Act under which this defendant was convicted, to wit: Act 4 of the Republic of Hawaii, approved March 12, 1896.

The evidence shows that the Minister of the Interior had designated a public wash-house or laundry, and at the time of the notice to defendant, and his arrest, there were several vacant rooms ready for his occupancy.   The defendant cannot

excuse himself on the ground as he claims that there were not enough designated laundry houses to accommodate all laundry-men in Honolulu.    There was room for him and others, and the fact that others may violate the law, is no excuse for his violation.    But it is the duty of the Minister of the Interior to provide or designate a sufficient number of laundries and wash-houses, and if this is not done and there being no room vacant, it is difficult to see how one could be held; but that is not this case.

Appeal dismissed.

*Attorney-General W. O. Smith* and *Lyle A. Dickey*, for prosecution.

*Magoon & Edings*, for defendant.