REPUBLIC OF HAWAII *v.* CHING GEUNG and KAING.

APPEAL FROM THE DISTRICT COURT OF HONOLULU.

SUBMITTED SEPTEMBER 28, 1898.   DECIDED FEBRUARY 13, 1899.

JUDD, C.J., WHITING, J., AND S. M. BALLOU, ESQ., OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

Act 31 of the Session Laws of 1898, entitled "An Act to Regulate the Laundering of Clothing, Bed Clothing, Napery, Towels, and Other Articles of Like Character," is not a reasonable exercise of the police power and is unconstitutional.

OPINION OF THE COURT BY S. M. BALLOU, ESQ.

The defendants were convicted in the District Court of Honolulu of a violation of Act 31 of the Session Laws of 1898, and an appeal was taken to this Court upon points of law which raise the question of the constitutionality of the Act.

The Act in question is as follows:

An Act to regulate the laundering of clothing, bed clothing,

napery, towels, and other articles of like character. Be it en-
acted by the Legislature of the Republic of Hawaii. Section
1. It shall be unlawful for any person to eject water or other
fluid from his mouth upon any clothing, bed clothing, napery,
towels or other articles of like character, in preparing same for
ironing or pressing or in ironing or pressing them.

Section 2. Any person so doing shall be deemed guilty of
a misdemeanor and upon conviction thereof shall be fined not
exceeding ten dollars; and upon conviction of a subsequent of-
fense shall be fined not exceeding twenty dollars

Section 3. This Act shall take effect from the date of publi-
cation. Approved, etc.

It is contended for the defendant that there is nothing on
the face of the Act to show that it was passed as a health regu-
lation nor was there any evidence that the practice is unhealth-
ful. It would seem, however, that the healthfulness or un-
healthfulness of the practice is a matter for judicial cognizance,
aided, by reference to any standard sources of information.
*Schollenberger v. Pennsylvania,* 171 U. S. 1.

We do not find it necessary to decide upon this point, how-
ever, because we believe that, viewed as a health measure, the
statue is an unreasonable regulation. It is not confined in its
terms to clothing laundered for hire nor even to the clothing
of others. Any person ejecting water from his mouth upon
his own clothing in ironing it would be guilty of a misdemeanor
under the Act. This is beyond the valid exercise of the police
power. The rights of an individual cannot be abridged except
in so far as may be necessary to prevent injury to the rights
of others.

We are obliged to declare the Act unconstitutional. .

*E. P. Dole, Deputy Attorney-General,* for prosecution.

*A. G. M. Robertson* and *P. Neumann* for defendants.