TERRITORY OF HAWAII *v.* JACINTHO MIGUEL.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED SEPTEMBER 6, 1907.   DECIDED SEPTEMBER 20, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CONSTITUTIONAL LAW—*intoxicating liquors—statute, title of—board of license commissioners.*

> Constitutional questions raised by persons not affected by the alleged unconstitutionality are not considered.

> The boards of license commissioners authorized by Act 119, Session Laws of 1907, entitled "An Act To Regulate The Sale Of Intoxicating Liquors, Repealing Act 67 Of The Session Laws Of 1905," are not courts.

> Act 119, Session Laws of 1907, embraces but one subject which is sufficiently expressed in its title.

> The refusal of a license under Act 119, to one who has on hand intoxicating liquors bought while holding a license under a former act, which, on termination of the license, cannot be sold by him, is not a taking of his property without due process of law.

OPINION OF THE COURT BY HARTWELL, C.J.

The defendant was charged July 8, 1907, before the district magistrate of Honolulu with selling in Honolulu July 6, 1907,

certain intoxicating liquor, known as beer, contrary to the provisions of Act 119, Laws of 1907. He admitted the selling without a license. The prosecution admitted that he held a license under Act 67, Laws of 1905, which expired June 30, 1907, and that the beer was part of the stock held by him while holding the license; that he applied for a license under Act 119 and was refused by the board of license commissioners; also that before June 30, 1907, he applied to the board to exchange his license for a license under Act 119 and was refused, each application being in the form required by Act 119. The defendant was found guilty and sentenced to a fine of $100 and costs $1, from which judgment he appealed to this court on points of law, in substance, as follows: (1) In providing for appointment of a board of license commissioners with authority, in their discretion, to refuse or grant applications for licenses and to take evidence upon the applications with no appeal from their decisions, the act makes the board a court with judicial powers and functions whose acts are not subject to review or control by any other court; as the legislature has no authority to create any but inferior courts (Sec. 81, Org. Act) the board is unauthorized by law; (2) the act deprives the defendant of his property without due process of law, contrary to the 14th amendment, he being prevented by its operation from disposing, after the expiration of his license, of the stock of liquors acquired by him while holding a license under the act of 1905; (3) the act authorizes the board of license commissioners to refuse to grant any license and therefore is a prohibitory law, and yet its title, "An Act To Regulate The Sale Of Spirituous Liquors, Repealing Act 67 Of The Session Laws Of 1905," does not suggest the subject and therefore the law is invalid by Sec. 45 of the Organic Act requiring that "each law shall embrace but one subject which shall be expressed in its title;" (4) the act, in requiring higher license fees for the sale of liquors manufactured out of the Territory than for those manufactured in the Territory by the licensee, violates Sec. 2 of Art. 4 of the

Constitution giving to citizens of each state "all privileges and immunities of citizens in the several states," and encroaches upon the exclusive power of congress to regulate commerce.

As the defendant, not being a foreign manufacturer, has not brought himself within the class who would be affected by the alleged unconstitutional discriminations, the fourth ground of appeal will not be considered.

"There is a point beyond which this court does not consider arguments of this sort for the purpose of invalidating the tax laws of a State on constitutional grounds. This limit has been fixed in many cases. It is that unless the party setting up the unconstitutionality of the state law belongs to the class for whose sake the constitutional protection is given, or the class primarily protected, this court does not listen to his objections, and will not go into imaginary cases, notwithstanding the seeming logic of the position that it must do so, because if for any reason, or as against any class embraced, the law is unconstitutional, it is void as to all." *Hatch v. Reardon,* 204 U. S. 460.

There is no obvious reason—no distinction based upon legislative objects which requires that a law to regulate sales of intoxicating liquors should be held to be less immune than a tax law from attack upon its constitutionality by persons not directly injured by the portions of the law alleged by them to be unconstitutional.

(1) Upon the defendant's contention that the board of license commissioners is an unauthorized body being a court and under the supervision of no other tribunal, it is to be observed that courts established for administration of public justice may have statutory jurisdiction over the subject of granting or refusing licenses for the sale of intoxicating liquors or the jurisdiction may be given to a designated official or board which does not thereby become a court. "The judicial power of the Territory," intended by the Organic Act, can be vested only "in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish." The inferior courts with which judicial power of the

Territory may be vested do not, in the sense in which the term is used in the Organic Act, include boards or commissioners or supervisors who perform certain functions of a judicial nature, it is true, but are not courts either in the popular or technical sense of the term.

In determining whether to "grant, refuse, suspend, revoke, regulate and control licenses" the board may subpoena witnesses, administer oaths to them and take their testimony, and although this is a judicial function the right to exercise it is not of itself sufficient to constitute the board a court. Such bodies as boards of county supervisors, the board of health, boards of registration of voters, boards of inspectors of elections, or agriculture and forestry, animal inspectors, dental examiners, equalization of taxes, medical examiners, prison inspectors and of education may be authorized by statute to administer oaths touching any matter or thing whereof they have jurisdiction or cognizance by law and to decide finally and without appeal such matters as properly come within their jurisdiction, and yet it would be a misnomer to classify such boards as courts of justice. They would be lawful bodies even if congress had enacted that no court could be established by the territorial legislature and that the judicial power of the Territory should be vested solely in the supreme, circuit and district courts. See *Ins. & Lumber Co. v. Macfarlane,* 14 Haw. 489. Furthermore, the act (Sec.4), in declaring that "the exercise of the power, authority and discretion by this act vested in the board shall be final in each case and shall not be reviewable by, or appealable to, any court or tribunal," does not make the board independent of judicial supervision. Its power, while "subject only to the limitations and directions in this act contained," is strictly subordinate to those limitations and directions. If it assumes to do anything which is unauthorized by the act or declines to do what the act requires of it, observance of the law will be required by judicial authority when properly invoked. No review may be possible as long as the board observes the limitations and directions contained in

the act, and yet the wholesome jurisdiction established by law continues in full force to prevent abuses of discretionary power and for the enforcement of legal rights. In other words, the board is not above the law which creates it.

(2) We cannot sustain the defendant's contention that he is deprived of his property by reason of anything contained in Act 119. It does not appear whether he bought his beer after or before April 30, 1907, the date of the approval of the act, but, if he bought it after, he did so with knowledge that he could not sell unless authorized by the license which he then held or by a license which he expected to obtain under the new act. If he bought before that date, he had no assurance or right to believe that the license would be renewed to enable him to sell after its expiration, if the act should continue in force, or that the act would not be repealed.

"If the public safety or the public morals require the discontinuance of any manufacture or traffic, the hand of the legislature cannot be stayed from providing for its discontinuance, by any incidental inconvenience which individuals or corporations may suffer. All rights are held subject to the police power of the State." *Beer Co. v. Massachusetts,* 97 U. S. 32.

If he bought after the act was approved, he also knew that he had no vested right to a license under it. It is unnecessary to discuss the question further, since the Organic Act, Sec. 55, provides, "nor shall spirituous or intoxicating liquors be sold except under such regulations and restrictions as the territorial legislature shall provide," so that selling would be prohibited in the absence of territorial legislation regulating or restricting it. As the present law expressly saves to him any rights accrued under Act 67, Laws of 1905, if he had any cause of complaint it would be that the act under which he was licensed made no provision for selling liquors which should be on hand at the expiration of his license.

(3) We do not sustain the defendant's claim that the act is invalid in containing more than one subject, namely, prohibition as well as regulation of sales, for the act does not prohibit to any further extent than is necessary or proper in

reasonable regulation of such sales. Regulating sales implies restricting, limiting and defining their number and volume, and the times and places of selling and requires the prohibiting of sales not made in conformity with the regulations. To entitle the act "An Act To Prohibit The Sale Of Intoxicating Liquor When Not Made In Accordance With The Regulations Hereof," or "When Not Made By Authority Of Licenses Granted Under The Provisions Hereof," would furnish no more hint of its contents than is found in the title "To Regulate The Sale Of Intoxicating Liquors." If the act had been entitled "An Act To Regulate And Also, In Certain Cases, Prohibit The Sale Of Intoxicating Liquor," the title would give no more information than is given by the present title. Many cases are cited by the defendant which do not appear to go as far as his contention. In *Brownson v. Oberlin,* 41 O. 76, Oberlin, under a state law authorizing incorporated villages to provide by ordinance against the evils resulting from the sale of intoxicating liquors within the limits of the corporation, passed an ordinance declaring it unlawful to sell intoxicating liquors. It was held that the prohibitory ordinance was unauthorized. In *Cantril v. Sainer,* 59 Ia. 26, "regulating the use and sale of intoxicating liquors," was held not to authorize an ordinance which was "entirely prohibitory. There is no pretense at regulation." *Sweet v. Wabash,* 41 Ind. 12, holds that a law permitting towns to "regulate all places where intoxicating liquors are sold to be used on the premises" did not authorize an ordinance prohibiting sales. *State v. Fay,* 44 N. J. L. 474, holds that authority to prohibit all sale of intoxicating drinks and to license, regulate or prohibit inns or taverns did not include authority to regulate sales outside of inns and taverns. *Paul v. Gloucester County,* 50 N. J. L. 585, holds that "An Act To Regulate The Sale Of Intoxicating And Brewed Liquors" may prohibit the sale of such liquors by the small measure. "Every license law is to some extent a prohibitory law. It prohibits the sale by all persons who have no license." *Miller v. Jones,* 80 Ala. 89, holds that "An Act

To Regulate," etc., does not authorize an ordinance prohibiting sales "either directly or by a prohibitory charge for a license." *People v. Gadway,* 61 Mich. 285, holds that a similar title does not authorize a provision in the act setting apart certain territory over which sales are entirely prohibited. *Hauck's case,* 70 Ib. 396, holds that a later act with a similar title does not authorize the sections prohibiting sales in any county upon a majority vote. We do not, however, find it necessary in consequence of anything which appears in the decisions cited to treat Act 119 as invalid. As said of our county act, "We find nothing in the act which is not expressed in its title in the sense of being incident germane and cognate thereto." *Castle v. Secretary,* 16 Haw. 780.

The well known reason for requiring a simple and explanatory title in order that law makers may not be misled in passing bills containing subjects of which they are not reasonably apprised by the title has been stated in numerous decisions of this court. n. Sec. 45 Org. Act. "When the general purpose is declared in the title, the means for its accomplishment, being a penalty, will be presumed to be intended as a necessary incident." *Territory v. Wong Fearl,* 17 Haw. 355. The act entitled "An Act To Enact The Revised Laws Of Hawaii," embraced but one subject and that expressed in its title. *In Re Tom Pong,* Ib. 566. "This provision, as it seems to us, has a proper relation to the other provisions. The various provisions are not incongruous; they have a natural connection with each other, and are fairly embraced in one subject, which is embraced in the title of the act. The presumption is that the act is valid. The provision of the Organic Act which is now invoked should be liberally construed." *Tibbetts v. Damon,* Ib. 203.

The most prominent feature, perhaps, of the act under consideration is not that sales are declared to be unlawful if not licensed in conformity with its requirements but that the granting of licenses subject to the requirements and directions of the act is discretionary not, as formerly, with the minister of

the interior or territorial treasurer but with the board of commissioners.

Counsel for defendant wish us to construe Sec. 4 of the act as giving the board of commissioners prohibitory powers beyond anything that would properly fall within the regulation referred to in the title, and then declare the title too narrow as not including these powers. But it is the duty of courts to construe the language of an act, if possible, so as to avoid unconstitutionality (*U. S. v. Coombs,* 12 Pet. 72,) and we should therefore rather be justified in holding that the prohibitory powers which might be implied from Sec. 4 could be exercised only to such extent as should not interfere with the object of regulation expressed in the title. *Myer v. Car Co.,* 102 U. S. 1, 12. To declare the act to be invalid because its title is too narrow to include the provision for boards of license commissioners or statement of the powers vested in them would be an unjust aspersion upon legislative intelligence and would unwarrantably frustrate the exercise of legislative power.

The judgment appealed from is affirmed.

*E. C. Peters (C. R. Hemenway, Attorney General,* with him on the brief,) for the Territory.

*T. M. Harrison* for defendant.