TERRITORY *v.* SADAO SAKANASHI.

No. 2541.

SUBMITTED MARCH 3, 1944.       DECIDED MARCH 17, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

In the district court of Honolulu the Territory charged that in Honolulu on or about September 17, 1942, the defendant peddled merchandise without having first obtained a license to do so, in violation of the provisions of section 2498, Revised Laws of Hawaii 1935. The defendant demurred to the charge on the ground that the statute under which it was brought is unconstitutional, in that the statute violates the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and the privileges and immunities clause of Article IV, Section 2 of the Constitution. The district magistrate overruled the demurrer. The defendant thereupon entered a plea of not guilty and stipulated the facts to be: That on September 17, 1942, the

defendant was engaged in the occupation of a peddler of merchandise in the City and County of Honolulu; that on said date and at said place he sold a candy bar for five cents to one Frank Kahoohanohano; that at that time he had not obtained a license to peddle as provided for by section 2498, Revised Laws of Hawaii 1935, as amended; that he is an alien and was then forty-one years of age. On the stipulated facts the court found the defendant guilty and sentenced him to pay a fine of $75. The case is here on a writ of error.

The only question raised by the assignment of errors is that of the constitutionality of said section 2498, Revised Laws of Hawaii 1935, as amended. It was raised in the lower court by the demurrer to the charge and the ruling on the demurrer is the basis of the assignment and specification of errors.

The statute in question as last amended by Act 109, Series B-58, Session Laws of Hawaii 1939, reads as follows:

"The fee for license to peddle merchandise shall be as follows:

"The fee for an annual license shall be $75.00 and the fee for a quarterly or three months' license or period less than three months shall be $30.00; provided, that no license shall be required of persons peddling fish, fresh fruit, leis, flowers or vegetables, nor of any person who is a citizen of the territory and who has reached the age of seventy years.

"A license to peddle merchandise shall authorize the holder thereof to peddle only in the county or city and county which is named in the license."

The statutory authority for the criminal prosecution of any persons who shall engage in or carry on any business required to be licensed, without first obtaining a license, is contained in section 2414, which makes it a

misdemeanor to carry on such a business without a license.

Defendant's argument may be summarized as follows:

1. If the imposition of the license fee is an exercise of the police power, the entire proviso exempting from the license requirement peddlers of fish, fresh fruit, leis, flowers or vegetables, and any person who is a citizen of the Territory and who has reached the age of seventy years, violates the Fifth and Fourteenth Amendments to the Constitution of the United States.

2. If it is an exercise of the taxing power, that portion of the exemption clause relating to aged citizens contravenes the privileges and immunities clause of Article IV, Section 2, the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment.

3. In either case the invalid portion of the statute is inseparable from the remainder and vitiates the entire Act.

In answer thereto the public prosecutor argues:.

1. That the statute is not a police regulation but a tax measure;

2. That the statute is a valid exercise of the power of taxation; and

3. Assuming that the proviso is void, it is severable and the remainder of the statute may be enforced.

In view of the scope of the argument and the different rules applicable, we deem it necessary to determine at the outset whether the statute in question was enacted under the power to tax or in the exercise of the police power, or both. A statute may involve both. (*Re Licenses*, 7 Haw. 771; *Kitagawa* v. *Shipman*, 31 Haw. 726.) The proper classification of such a statute is fully discussed in 4 Cooley on Taxation, Fourth Edition, section 1784, from which we quote:

"It is often necessary to determine whether an imposition of a charge or fee by the government, generally in

the shape of a license fee, is an exercise of the taxing power, i. e., a tax in the strict legal sense of the term, or is an exercise of the police power. Several different rules apply according to whether the imposition is the one or the other * * * . If an exercise of the police power, it is not a tax and the rules governing license or occupation 'taxes' are not applicable. On the other hand, if the fee or so-called tax is held to be a tax and not an exercise of the police power, the question which may arise is whether the tax is (1) a license occupation or excise tax or (2) a tax on property." (p. 3509.)

"The distinction between a demand of money under the police power and one made under the power to tax is not so much one of form as of substance. The proceedings may be the same in the two cases, though the purpose is essentially different. The one is made for regulation and the other for revenue. If the purpose is regulation the imposition ordinarily is an exercise of the police power, while if the purpose is revenue the imposition is an exercise of the taxing power and is a tax. If, therefore, the purpose is evident in any particular instance, there can be no difficulty in classifying the case and referring it to the proper power. However, regulation may be kept in view when revenue is the main and primary purpose. The right of any sovereignty to look beyond the immediate purpose to the general effect neither is nor can be disputed. The government has general authority to raise a revenue and to choose the methods of doing so; it has also general authority over the regulation of relative rights, privileges, and duties, and there is no rule of reason or policy in government which can require the legislature, when making laws with the one object in view, to exclude carefully from its attention the other. Nevertheless, cases of this nature are to be regarded as cases of taxation. Revenue is the primary purpose, and the regulation results from

the methods of apportionment that are resorted to in obtaining the revenue. Only those cases where regulation is the primary purpose can be specially referred to the police power. If revenue is the primary purpose and regulation is merely incidental the imposition is a tax; while if regulation is the primary purpose the mere fact that incidentally a revenue is also obtained does not make the imposition a tax, although if the imposition clearly and materially exceeds the cost of regulation, inspection or police control, it is generally held to be a tax or an illegal exercise of the police power, except as hereinafter noted." (pp. 3511-3514.)

"Generally, a fee or charge is an exercise of the police power rather than a tax where certain tests, conditions or qualifications are imposed in addition to the payment of money. But the mere fact that the effect of an ordinance is to declare it to be unlawful to transact the business of a broker without license does not indicate whether the purpose is to raise revenue or to regulate the business. And the fact that a license statute makes a violation of its provisions a misdemeanor does not preclude the license fee being an exercise of the taxing power rather than the police power. The disposition of the fee does not alone determine whether it is a regulation or a tax. If a city having power to license both for revenue and for regulation, imposes a license tax on a business which cannot be regulated, the presumption is that the measure is a revenue measure." (pp. 3515, 3516.)

*Royall* v. *Virginia*, 116 U. S. 572, involved a statute of Virginia which provided that no person shall, without a license, practice as an attorney at law and further provided that no person shall act as an attorney at law or practice law in the courts without a separate revenue license. The fee for the revenue license was $25. Royall, a licensed attorney, applied for the revenue license and

tendered a bond coupon for $15 and $10 in lawful money of the United States. The tendered coupon was by the law under which it was issued made receivable for all taxes, debts, dues, and demands due the State. The revenue license statute required the license fee to be paid in gold or silver coin, United States Treasury notes or national bank notes. The licensing officer refused to accept the coupon tendered in part payment for the license and the defendant Royall proceeded to practice law without the revenue license, for which he was tried and convicted in the state courts. He appealed to the Supreme Court of the United States, where in reversing the state courts Mr. Justice Matthews speaking for the court said: "That the party complying with the statutory conditions is entitled as of right to the license, is conclusive that the payment is a tax laid for revenue and not exaction for purposes of regulation. *Mayor &c.* v. *Second Avenue Railroad Co.*, 32 N. Y. 261; *State* v. *Hoboken*, 33 N. J. L. (4 Vroom), 280; 2 Dillon Municipal Corporations, 766, ch. XIX., § 768. The occupation, which is the subject of the license, is lawful in itself, and is only prohibited for the purpose of the license; that is to say, prohibited in order to compel the taking out a license, and the license is required only as a convenient method of assessing and collecting the tax. Cooley on Taxation, 407. Such a license fee was held to be a tax by this court in the cases of *Brown* v. *Maryland*, 12 Wheat. 419; *Ward* v. *Maryland*, 12 Wall. 418, and *Welton* v. *Missouri*, 91 U. S. 275. We think it entirely clear, both from the nature of the case and upon authority, that the payments demandable by the State for the license applied for by the plaintiff in error are taxes within the meaning of the act of March 30, 1871, in discharge of which coupons were receivable by its terms, and that the plaintiff in error must be regarded, after making the tender alleged, in the same situation in law as

if he had tendered gold or silver coin or other lawful money of the United States." (pp. 581, 582.)

For valuable discussions of the characteristics which distinguish a taxation statute from one enacted under the police power, see *Rosenbloom* v. *State*, 64 Neb. 342, 89 N. W. 1053, 57 L. R. A. 922; *The State* v. *Murphy*, 90 Conn. 662, 98 Atl. 343, and *State* v. *Schofield*, 136 La. 702, 67 So. 557.

The defendant particularly relies upon *Healy* v. *Ratta*, 67 F. (2d) 554, in support of his argument that the statute in question is an exercise of the police power as well as that it is in contravention of the Constitution of the United States, and especially of Article IV, Section 2 thereof, and of the Fifth and Fourteenth Amendments thereto, and is entirely unconstitutional and void.

That case involved a New Hampshire statute which provides that no hawker or peddler shall sell or barter or carry for sale or barter, or expose therefor, any goods, wares or merchandise, unless he holds a license so to do as therein provided. It also requires the payment of a license fee and provides for a fine for violations to be equally divided between the State and the town in which the offense was committed. The portion of the fines paid to the State was required to be credited to the Secretary of State for his use in the enforcement of the statute. The court first said: "The act cannot be sustained as imposing an excise tax as the New Hampshire Constitution does not authorize this form of taxation." The word "as" following the word "tax" in the quoted sentence is the equivalent of the word "because" or the phrase "for the reason that." We think the foregoing statement of the court means that it declined to attribute to the legislature an attempt to legislate on a subject denied to it by the state constitution. The statute excepted from the license provision wholesalers or jobbers selling to dealers

only; commercial agents or other persons selling by sample, lists or catalogues; persons selling provisions, agricultural implements, fruit trees, vines, shrubs, books, newspapers, pamphlets, the products of his own labor or the labor of his family, and the product of his own farm or the one which he tills, the manufacturers of furniture and ladders excepted. The statute also exempted from the payment of the license fee disabled soldiers and sailors, the widow of any such soldier or sailor, and any citizen of the State over seventy years of age.

After holding that the Act could not be considered as a tax measure because the constitution of the State does not authorize such a tax, the court considered it only as an attempted exercise of the police power and disposed of it as follows: "A statute that permits one to sell household articles from house to house by sample, but not to deliver at time of sale without a license; to sell and deliver at the time of sale fruit trees, vines, and shrubs without a license, but not evergreen trees, shade trees, strawberry plants, or rhubarb or asparagus roots; which permits a farmer to peddle without a license the fruit he raises, while one who does not raise them may not; which permits a manufacturer to sell without a license some articles of household use, but not furniture; which permits the sale of provisions, but not of shoes, brushes, combs, needles, or thread, unless the product of the salesman's own labor; which permits the sale of books, newspapers, and pamphlets, but not of magazines; which permits without a license the sale from house to house of hoes, shovels, scythes, or rakes for the farmer, but not a vacuum cleaner for the housewife—cannot be sustained as promoting the health, safety, morals, or welfare of the public, and clearly deprives the complainant of his constitutional rights and privileges secured to him under article 4 and the Fourteenth Amendment of the Federal Constitution." (pp. 557, 558.)

We think that the lack of constitutional authority in the legislature of New Hampshire to impose an excise tax was sufficient reason for the court considering the statute a regulatory measure enacted under its police power, and does not therefore support defendant's argument that our peddler's license statute is a regulatory rather than a tax statute.

We have to conclude that the statute under which the license fee is exacted of peddlers was enacted solely in the exercise of the power of the legislature to impose a tax and not for purposes of regulation.

In discussing the validity of the statute as a revenue-raising measure, the defendant concedes that the Territory has a broad discretion in classifying objects of taxation. He also concedes that the exemption of peddlers of fish, fresh fruit, leis, flowers and vegetables, is a reasonable classification in that it tends to promote local production of those products. He earnestly contends, however, that the exemption of "any person who is a citizen of the Territory and who has reached the age of seventy years" deprives him of the privileges and immunities guaranteed by the second section of Article IV of the Constitution, which reads: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

A preliminary question which always confronts the court when the validity of an Act is assailed as discriminatory and therefore unconstitutional is, whether or not under the facts of the case the party assailing its validity is within the class unjustly discriminated against. In his attack upon the law as a tax measure, the defendant complains of only one provision of the statute, *viz.*, the provision exempting citizens of the Territory who have reached the age of seventy years from the necessity of

procuring a license. As heretofore stated, he concedes that the other exemptions are not objectionable if the license fee is a tax. What class, then, is discriminated against? Clearly, no one under seventy years of age is discriminated against, for everyone under that age, be he citizen of the Territory or not, must pay the fee and procure a license before he may lawfully peddle. The stipulated facts disclose that the defendant is only forty-one years of age and is therefore not a member of the class discriminated against. He will not therefore be heard to complain. This court so held in *Territory* v. *Miguel*, 18 Haw. 402. In that case the defendant, who had been convicted in the district court of selling beer without a license, appealed to this court on points of law. His fourth ground of appeal was that the Act, in requiring higher license fees for the sale of liquor manufactured out of the Territory than for that manufactured in the Territory by the licensee, violates Section 2 of Article IV of the Constitution, giving to citizens of each State all privileges and immunities of citizens in the several States and encroaches upon the power of Congress to regulate foreign commerce.

Chief Justice Hartwell, speaking for the court, disposed of the fourth ground of appeal when he said: "As the defendant, not being a foreign manufacturer, has not brought himself within the class who would be affected by the alleged unconstitutional discriminations, the fourth ground of appeal will not be considered.

"'There is a point beyond which this court does not consider arguments of this sort for the purpose of invalidating the tax laws of a State on constitutional grounds. This limit has been fixed in many cases. It is that unless the party setting up the unconstitutionality of the state law belongs to the class for whose sake the constitutional protection is given, or the class primarily protected, this court does not listen to his objections, and will not go

into imaginary cases, notwithstanding the seeming logic of the position that it must do so, because if for any reason, or as against any class embraced, the law is unconstitutional, it is void as to all.' *Hatch* v. *Reardon*, 204 U. S. 460. [This page number should be 160.]

"There is no obvious reason—no distinction based upon legislative objects which requires that a law to regulate sales of intoxicating liquors should be held to be less immune than a tax law from attack upon its constitutionality by persons not directly injured by the portions of the law alleged by them to be unconstitutional."

The defendant relies primarily upon *Ex Parte H. R. Smith*, 100 Fla. 1, as an authority for his contention that he is entitled to have his objections to the statute heard, even though he is not a member of the class discriminated against by the supposed illegal exemption of citizens of the Territory who have reached the age of seventy years. If the Florida case is in conflict with *Territory* v. *Miguel, supra*, and the United States Supreme Court case of *Hatch* v. *Reardon* cited, quoted from and relied upon by this court, we must decline to follow the Florida case.

The conclusion reached makes it unnecessary for us to notice other arguments advanced.

The judgment of conviction is affirmed.

*E. J. Botts* and *S. Kashiwa* for plaintiff in error.

*C. E. Cassidy*, Public Prosecutor of the City and County of Honolulu, and *M. Watanabe*, Assistant Public Prosecutor, for defendant in error.