TERRITORY OF HAWAII *v.* DAIKICHI MUKAI.

No. 2688.

SUBMITTED OCTOBER 23, 1948.     DECIDED NOVEMBER 29, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE
PARKS IN PLACE OF PETERS, J., ABSENT.

In the district court of Honolulu the Territory charged that at Honolulu, on the 7th day of July, 1947, the defendant "did peddle foodstuffs other than fish, fresh fruit, leis, flowers or vegetables, to wit: candies, bread, various types of canned goods and soda water, without a license * * .* thereby committing an offense contrary to the provisions of Section 7102 of the Revised Laws of Hawaii, 1945." From a conviction on the above charge the defendant appealed to the circuit court. The appeal was a general one requiring a trial *de novo*. When the case was called for trial in the circuit court, the charge was entered in substantially the same words as the charge entered in the district court but was amended to set forth a violation of section 7015 instead of 7102 as alleged in the district court. Upon a trial, jury waived, the defendant was again convicted and sentenced to pay a fine of $75. The defendant brings the case here on a writ of error. The specification of errors presents three questions of law. The first is whether or not the charge entered in the district court was properly amended in the circuit court. The second is whether or not any person, who in past years peddled merchandise without first obtaining a license, owes license fees therefor constituting delinquent taxes within the meaning of section 7004 of the Revised Laws of Hawaii 1945. The third is whether or not the defendant is guilty of peddling without a license after he has strictly complied with the requirements of section 7004, *supra*.

The pertinent statutory provisions, all in chapter 133, Revised Laws of Hawaii 1945, follow: Section 7102 provides in part that:

"The fee for license to peddle merchandise shall be as follows:

"The fee for an annual ·license shall be seventy-five dollars * * * provided, that no license shall be required of persons peddling fish, fresh fruit, leis, flowers or vege-

tables, nor of any person who is a citizen of the Territory and who has reached the age of seventy years."

Section 7004 provides, *inter alia,* that "No license shall be issued by any treasurer, or other officer or employee for any purpose whatsoever * * * unless the applicant shall also have filed with the treasurer, officer or employee, a certificate showing the payment in full of all delinquent taxes."

Section 7015 provides that "Any person who shall engage in or carry on any business, or do any act enumerated in this chapter, the engaging in or doing of which is therein required to be licensed, without first obtaining a license issued in conformity with the provisions thereof; or who shall sell any goods, wares, merchandise, produce or thing of value, contrary to the terms of this chapter; or who shall violate or fail to observe any of the provisions of this chapter, shall be guilty of a misdemeanor, and upon conviction shall, unless otherwise in this chapter provided, be fined a sum not less than the annual fee, and not more than twice the annual fee in this chapter prescribed for the carrying on of such business, or the doing of such act."

The facts of the case are brief and the evidence is not conflicting. A few days prior to July 7, 1947 the defendant applied to the treasurer of the City and County of Honolulu for a peddler's license for one year, July 1, 1947 to June 30, 1948. With his application he presented a "Territory of Hawaii Tax Clearance," dated June 26, 1947, issued by the tax collector of the first taxation division of the Territory, who certified that the records of said taxation division showed that the defendant had paid all taxes due to and including June 20, 1947. He also tendered with his application $75 in payment of the fee for an annual license.

The treasurer refused to issue the license on the sole

ground that the defendant had not fully complied with the provisions of section 7004, *supra,* in that he had for several years prior to July, 1947 peddled merchandise without paying the annual license fee and procuring a license.

The uncontroverted evidence establishes that on July 7, 1947 the defendant peddled merchandise of the class requiring a license.

The prosecution contends that the provision in section 7004, to the effect that a person seeking a license must file a certificate stating the payment in full of all delinquent taxes, includes license fees; that the defendant's gross income tax returns establish that he engaged in peddling merchandise from 1936 to 1946; that at no time did he possess a peddler's license; that he owed to the City and County of Honolulu license fees for each and every year between 1936 and 1946; that these fees had not been paid and were therefore delinquent; that defendant in applying for a license for 1947, having failed to file with the city and county treasurer a certificate showing the payment in full of said license fees, had not fully complied with section 7004 and was therefore rightfully refused the license; and that he violated section 7015 when he peddled merchandise on July 7, 1947 at a time when he was neither in possession of a license nor entitled to one.

The defendant contends that there are no "delinquent taxes" within the meaning of section 7004, and that he, therefore, complied fully with the provisions of section 7004.

The first question is answered in the affirmative on the authority of *Territory* v. *Kunimoto,* 37 Haw. 591.

The second question is answered in the negative for the following reasons:

The legislative purpose of section 7004 is to reach delinquent taxes (*In re Kalana,* 22 Haw. 96) and this court

has held that the license fees are taxes (*Territory* v. *Sakanashi*, 36 Haw. 661). But taxes can only be delinquent after they are assessed and become legally due. In this case there is but one license fee which is susceptible of being assessed as tax and that one has been tendered with the instant application for a peddler's license. This is true because a license fee is an immediate tax, the payment of which constitutes a condition precedent to the issuance of a license on application for one. It is exacted for the purpose of revenue at that time. Where, as here, the defendant has never been issued a license, he was never a licensee or capable of being assessed a license tax nor was any ever imposed. *A fortiori* he owes no past license taxes or ones capable of being "delinquent" within the meaning of the statute even though he may have committed past misdemeanors in peddling without a license. For such misdemeanors, the remedy of the government is the realization of fines in criminal prosecutions, the defendant on conviction being subject for each violation to be fined in "a sum not less than the annual fee and not more than twice the annual fee." (R. L. H. 1945, § 7015.) Consequently the only delinquent taxes involved in this case are those certified to have been paid in full, the facts thereof evidencing as they do strict compliance with the provisions of section 7004.

It remains to be determined whether an applicant, who has strictly complied with the statutory conditions precedent to the issuance of a license but has been refused a license, is subject to criminal prosecution for peddling thereafter without a license. On the authority of *Royall* v. *Virginia*, 116 U. S. 572, we conclude that one who has so complied can not be held criminally liable for peddling without a license.

The judgment of the circuit court is reversed and the cause remanded with instructions to find the defendant

not guilty consistent with this opinion.

*J. F. Gilliland* and *R. T. Yamaguchi* for plaintiff in error.

*T. C. Goo,* Assistant Public Prosecutor, for defendant in error.